UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMMY F. ADAMS,

                       Plaintiff,

             -against-

CITY OF NEW YORK, OFFICE OF LABOR
RELATIONS,

                       Defendant.

1:23-CV-6637 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Tommy F. Adams filed this *pro se* action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL"). He seeks damages and sues the City of New York's Office of Labor Relations.

By order dated July 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The allegations herein are taken from Plaintiff's complaint's statement of claim and from a Determination and Order After Investigation issued by the New York State Division of Human Rights ("NYSDHR") on May 30, 2023, which is attached to the complaint. Plaintiff alleges that "[a]fter distinguishing [himself] as the greatest high school athlete in U.S. history more than 40 years ago, [he] was denied employment by the City of New York more than 40 times over the last 4 years." (ECF 1, at 5.)

Plaintiff asserts that he is Black and heterosexual, and that he applied for a Data Processor position with the defendant. (*Id.* at 8) "[H]e [also alleges that he] was discriminated against because of his race and sexual orientation." (*Id.*) Plaintiff "states that he graduated high school with a 95 average; was a National Merit Scholar; scored 1600 on the S.A.T.; was ranked the 100[th] best 400-meter runner in the United States; [and] scored a 96 on the A.S.V.A.B. 6 years later, finishing the test 45 minutes early," yet "despite all these honors, he has been rejected for employment 48 times over the last 4 years" by the defendant. (*Id.*) He alleges that, in March 2022, the defendant "turned down his application for a Data Processor position. He states that the [defendant] is racist and filled with homosexuals who discriminate against him in hiring because he was the first and only Black[] male captain of a White athletic team in world and American History." (*Id.*) Plaintiff also alleges that the defendant "does not want [him] to hold a job in management where [he] can attract pretty, [B]lack, debutantes who are a delight of white Jewish males. These women obviously belong to [Plaintiff] but the [defendant] is full of Jews and homosexuals who won't hire [him] to work and haven't in nearly 30 years." (*Id.*) (internal quotation marks omitted, second and sixth alteration in original).

## DISCUSSION

### A.    Claims under the NYSHRL & NYCHRL

The Court must dismiss Plaintiff's claims under the NYSHRL and NYCHRL. Under both of those statutes' election-of-remedies provisions, "a litigant who files a claim with the NYSDHR cannot bring the same claim [under the NYSHRL or the NYCHRL] in federal court." *Waller v. Muchnick, Golieb & Golieb, P.C.*, 523 F. App'x 55, 56 n.1 (2d Cir. 2013) (summary order); *see* N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8-502(a); *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002) ("[B]y the terms of the [NYSHRL and NYCHRL], respectively, . . . claims [under either of those laws], once brought before the

NYSDHR, may not be brought again as a plenary action in another court."). There are exceptions to this rule. With respect to claims under the NYSHRL brought in an administrative complaint to the NYSDHR, this rule does not apply when (1) that state agency "has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled;" and when (2) "prior to a hearing before a hearing examiner, a person who has a complaint pending at the [NYSDHR] . . . request[s] that [the NYSDHR] dismiss the complaint and annul his or her election of remedies so that the [NYSHRL] claim may be pursued in court." *see* N.Y. Exec. Law § 297(9). As to claims brought under the NYCHRL in an administrative complaint to the New York City Commission on Human Rights ("NYCCHR") or the NYSDHR, this rule does not apply when the NYCCHR dismisses that complaint for administrative convenience or for lack of jurisdiction under N.Y.C. Code § 8-113(a), (b), or (c), or when the NYSDHR dismisses the complaint "either for administrative convenience or on the grounds that such person's election of an administrative remedy is annulled." N.Y.C. Admin. Code § 8-502(b).

Plaintiff has attached to his complaint a copy of a Determination and Order After Investigation of the NYSDHR, issued on May 30, 2023, in which that state agency noted that, on September 1, 2022, Plaintiff filed an administrative complaint with that agency asserting claims of employment discrimination based on his race, color, and sexual orientation, arising from the defendant's failure to hire him as a Data Processor. (ECF 1, at 8.) In that determination and order, the NYSDHR held that there was no probable cause "to believe that [the defendant] has engaged in or is engaging in the unlawful discriminatory practice complained of." (*Id.*) Plaintiff does not allege any facts showing that, despite his filing of an administrative complaint with the

NYSDHR, any of the exceptions to the abovementioned election-of-remedies provisions of the NYSHRL and NYCHRL should apply.

Accordingly, because Plaintiff chose to pursue state administrative remedies with respect to his claims under the NYSHRL and NYCHRL, and because no exceptions to those statutes' election-of-remedies provisions apply, this Court lacks subject matter jurisdiction to consider Plaintiff's claims under those statutes. *See* Fed. R. Civ. P. 12(h)(3); N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8-502(a), (b); *Guardino v. Vill. of Scarsdale Police Dep't*, 815 F. Supp. 2d 643, 646 (S.D.N.Y. 2011) ("The [NYSHRL election-of-remedies] bar is jurisdictional, and the claims must be dismissed pursuant to [Fed. R. Civ. P. 12(b)(1).]" (internal quotation marks and citation omitted)); *see also Harris v. Oscar De La Renta, LLC*, No. 20-CV-9235, 2022 WL 540659, at *3 (S.D.N.Y. Feb. 22, 2022) ("[T]he election of remedies doctrine divests this Court of jurisdiction over the plaintiff's claims pursuant to the NYSHRL and the NYCHRL."). The Court therefore dismisses Plaintiff's claims under the NYSHRL and NYCHRL for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mauro v. N.Y.C. Dep't of Educ.*, No. 21-2671, 2022 WL 17844438, at *3 (2d Cir. Dec. 22, 2022) (summary order).

**B.    Claims under Title VII and 42 U.S.C. § 1981**

Title VII prohibits an employer from discriminating against an employee or a potential employee because of that person's race, color, religion, sex,[1] or national origin. *See* 42 U.S.C. §2000e-2(a). Section 1981 prohibits discrimination "on account of [a person's] race, ancestry, or ethnic characteristics."[2] *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987).

---

[1] A person's sexual orientation is a protected characteristic under Title VII, as it falls within the protected characteristic of a person's sex. *See Bostock v. Clayton Cnty.*, 140 S. Ct. 1731 (2020).

[2] Section 1981 "sets forth a remedy for employment discrimination that is independent of Title VII. . . ." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006).

To state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex[,] [including sexual orientation], or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). "Accordingly, [for a claim of discrimination under Section 1981,] it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 140 S. Ct. at 1017-18).

---

"Specifically, Section 1981 provides that '[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens.'" *Id.* (quoting 42 U.S.C. § 1981(a)). "Subsection (c) [of Section 1981] explicitly applies . . . to private discrimination and subsection (b) explicitly asserts that the term make and enforce contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." *Id.* at 301 (quoting § 1981(b) (internal quotation marks omitted)). The protections of Section 1981 cover all contracts, including employment agreements. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994).

Plaintiff's allegations regarding race and sexual orientation employment discrimination are conclusory and lack detail. Plaintiff has not alleged any facts sufficient to show that at least one of his characteristics that is protected by Title VII (race, color, sex (including sexual orientation), national origin, or religion) was a motivating factor in the defendant's decision not to hire him, or, as to his claims under Section 1981, that, but for his race, the defendant would have hired him. Accordingly, Plaintiff has failed to state a claim of employment discrimination under either Title VII or Section 1981.

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint alleging facts sufficient to state a claim of employment discrimination against the defendant under Title VII and/or Section 1981.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "'should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Title VII or Section 1981, the Court grants Plaintiff 60 days' leave to file an amended complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a

short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims under the NYSHRL and NYCHRL for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-6637 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue

at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause

to excuse such failure, the Court will enter an order and judgment dismissing this action for the

reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 10, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge